O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA CRAWFORD-WEST, | ) | Case No. EDCV 09-2205-MLG |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

  Plaintiff Brenda Crawford-West seeks judicial review of the Commissioner's final decision denying her application for Social Security disability insurance benefits. For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.  Background**

  Plaintiff was born on June 9, 1955 and was 53 years old at the time of the administrative hearing. (Administrative Record ("AR") 100.) She completed high school, one year of college, and has additional special training as a drug counselor. (AR 113.) She has relevant work

experience as a residential facility supervisor and as a medical records clerk. (AR 16, 110.)

Plaintiff filed an application for disability insurance benefits on April 18, 2007, alleging that she has been disabled since March 4, 2006 as a result of knee, back and shoulder pain, as well as anxiety, depression and personality disorder. (AR 109.) Plaintiff's application was denied initially on September 18, 2007, and upon reconsideration on March 19, 2008. (AR 66-70, 73-77.) On May 13, 2009, an administrative hearing was held before Administrative Law Judge ("ALJ") Jay E. Levine, at which Plaintiff, represented by counsel, testified, as did Plaintiff's roommate, and Vocational Expert ("VE") Corrine Porter. (AR 35-57.)

On August 18, 2009, ALJ Levine denied Plaintiff's application for benefits. (AR 8-17.) The ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period at issue. (AR 10.) The ALJ also found that, pursuant to 20 C.F.R. 404.1520(c), Plaintiff had the severe impairment of degenerative joint disease of the knees. (Id.) The ALJ determined that Plaintiff's depression was non-severe. (Id.) The ALJ concluded that Plaintiff's impairment did not meet, or was not medically equal to, one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 11.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work with the following limitations: "the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for up to four hours in an 8-hour workday; she can sit for six hours in an 8-hour workday; she cannot push or pull with her legs; she cannot work with dangerous machinery; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she cannot work with

conveyor belts or do piece work. (Id.) The ALJ found that Plaintiff could perform her past relevant work as a medical records clerk and residential supervisor and therefore, was not disabled within the meaning of the Social Security Act. (AR 16.)

On November 9, 2009, the Appeals Council denied review. (AR 1-3.) Plaintiff timely commenced this action for judicial review. On June 9, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to properly consider the severity of Plaintiff's mental impairment; (2) failing to properly consider the treating psychiatrist's opinion; and (3) making proper credibility findings. (Joint Stp. 2.) Plaintiff seeks reversal of the Commissioner's denial of her application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. 21.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. 22.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds the ALJ's non-severity determination as to Plaintiff's psychological impairment was not supported by the record and remands this matter for further proceedings consistent with this opinion.[1]

**II.   Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a

---

[1] The Court will only address the non-severity finding in detail. However, as noted above, Plaintiff also contends that the ALJ made other errors. The Court does not reach these remaining issues and will not decide whether these issues would independently warrant relief.

whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. The ALJ Erred in Determining That Plaintiff's Mental Impairment Was Not Severe

The Court agrees with Plaintiff that remand is warranted based on the ALJ's erroneous finding that her mental impairment was non-severe, because that decision is not supported by substantial evidence. A claimant for disability benefits has the burden of producing evidence to demonstrate that he or she was disabled within the relevant time period. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). At step two, the Commissioner considers if a claimant has an "impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). This is referred to as the "severity" requirement and does not involve consideration of the claimant's age, education, or work experience. 20

1  C.F.R. § 404.1520(c); *see* 42 U.S.C. § 1382c(a)(3)(G). "An impairment or
2  combination of impairments can be found 'not severe' only if the
3  evidence establishes a slight abnormality that has 'no more than a
4  minimal effect on an individual's ability to work.'" *Smolen v. Chater*,
5  80 F.3d 1273, 1290 (9th Cir. 1996) (citations omitted); *see also* 20
6  C.F.R. § 404.1521(a). Step two, then, is "a de minimis screening device
7  [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290; *Bowen*
8  *v. Yuckert*, 482 U.S. 153-54 (1987).

9      Here, Plaintiff has offered sufficient evidence to demonstrate that
10 her mental impairment has more than a minimal effect on her ability to
11 perform work-related functions. For example, Plaintiff's treating
12 psychiatrist, Monica Gordon, M.D., diagnosed Plaintiff on October 15,
13 2007 with recurrent major depressive disorder and also assessed
14 Plaintiff with a Global Assessment of Functioning Score of 40. (AR 235-
15 39.) Additional treatment notes from October 2007 through September 2008
16 state that Plaintiff was depressed, tearful, had a decreased appetite,
17 difficulty sleeping, anxiety, short attention span and difficulty
18 concentrating. (AR 227, 233-34, 244-45, 267, 270, 272-73, 275, 284, 288,
19 290.) The medical records also show that Plaintiff was taking Cymbalta
20 for depression for more than a year. (AR 238, 247, 284, 290, 306.)
21 Plaintiff was also attending group therapy at this time. (AR 250-56,
22 268-80, 285-86.) This indicates a level of impairment that at least
23 meets the "de minimis" requirement at the second stage of the inquiry.
24 *Smolen*, 80 F.3d at 1290. Accordingly, the ALJ's failure to find
25 Plaintiff's mental impairment severe warrants remand for further
26 proceedings and evaluation of Plaintiff.
27 //
28 //

**IV. Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows an impairment that can be considered "severe" within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing work in the national economy. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

DATED: June 11, 2010

_____
Marc L. Goldman
United States Magistrate Judge